UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUALTEX CORPORATION d/b/a SKY PROCESSING, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 08914 |
| v. | ) ) | Judge Edmond E. Chang |
| ATM GROUP CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Qualtex Corporation, doing business as Sky Processing, filed this action against Defendant Automated Teller Machine Group Corporation (ATM Group), alleging that ATM Group breached the exclusivity clause of the parties' ATM transaction-processing agreement. R. 1, Compl.[1] ATM Group now moves to dismiss for lack of personal jurisdiction or improper venue, to transfer venue, or to stay the case based on the *Colorado River* abstention doctrine. R. 19, Mot. Dismiss. For the following reasons, ATM Group's motion to transfer venue is granted. The Court therefore does not reach the questions of personal jurisdiction, improper venue, or abstention.

**I. Background**

Qualtex is an Illinois-based company that provides ATM transaction processing services. Compl. ¶ 1. ATM Group is a Puerto Rico-based company that

---

[1]The Court has subject matter jurisdiction over this case based on 28 U.S.C. § 1332. Citations to the docket are indicated by "R." followed by the docket entry.

owns and operates ATMs in Puerto Rico. *Id.* ¶ 2. In 2010, Qualtex and ATM Group entered into an agreement for Qualtex to provide data processing services for ATMs owned by ATM Group in Puerto Rico. *Id.* ¶¶ 7-10. The parties' relationship was governed by two documents executed in May 2010: an Independent Distributor and Services Agreement (Distributor Agreement) and an ATM Location Agreement. R. 1-1, ATM Location Agreement; R. 19-2, Distributor Agreement.

Under the Distributor Agreement, ATM Group agreed to "utilize Qualtex as its exclusive Transaction processing source" for ATMs located in Puerto Rico. Distributor Agreement pt. 2(f). For each ATM location, ATM Group further agreed to submit an ATM Location Agreement to Qualtex. *Id.* The ATM Location Agreement likewise states that Qualtex agreed to provide, and ATM Group agreed to "utilize exclusively," Qualtex's ATM data processing services. ATM Location Agreement pt. D. The ATM Location Agreement designated Illinois as both the source of governing law and the venue for any legal proceeding arising from the agreement. *Id.* pt. Q. The Distributor Agreement, on the other hand, is to be construed under Puerto Rican law. Distributor Agreement pt. 19.

Qualtex provided ATM Group with transaction processing services for more than three years until 2013, when the parties' relationship broke down. Compl. ¶¶ 9, 15-19. On December 6, 2013, ATM Group filed a complaint against Qualtex in a Puerto Rico state court, alleging that Qualtex breached the Distributor Agreement.[2]

---

[2]The Puerto Rico case, *Automatic Teller Machine Group Corporation v. Qualtex Corporation*, KAC2013-0979, was filed in the Commonwealth of Puerto Rico Court of First Instance San Juan Judicial Center Superior Court. *See* Puerto Rico Compl. ATM Group filed the Puerto Rico complaint against Qualtex and additional defendants including

2

R. 19-3, Puerto Rico Compl. ¶¶ 5.4-5.6. Seven days later, on December 13, 2013, Qualtex filed this lawsuit against ATM Group, alleging that ATM Group breached the ATM Location Agreements. Compl. ¶¶ 26-31. ATM Group now moves to dismiss the suit for lack of personal jurisdiction or improper venue, to transfer venue to the District of Puerto Rico, or to stay the case pending the outcome of Puerto Rico litigation. Mot. Dismiss. As stated above, the Court directs its focus to ATM Group's motion to transfer venue, because transfer is clearly warranted (and federal courts are authorized to decide venue-convenience issues before other threshold issues, even subject matter jurisdiction, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007).

## II. Legal Standard

The change-of-venue statute, 28 U.S.C. § 1404, provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, a transfer under § 1404(a) is appropriate if (1) venue is proper in the proposed transferee district, (2) the transferee district is more convenient for the parties and witnesses, and (3) transfer would serve the interests of justice. *Delta Air Lines, Inc. v. Perfekt Marketing, Inc.*, 861 F.Supp.2d 919, 920 (N.D. Ill. 2012). "In passing on a motion for transfer, the [Court] must consider the statutory factors in light of all the circumstances of the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

---

Qualtex's Puerto Rican entity (Qualtex Puerto Rico, Inc.) that are not parties to this lawsuit. *Id.*

### III. Analysis

### A. Proper Venue

Venue is proper in any district (1) in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or, if there is no such district, (3) in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391. Because ATM Group is a Puerto Rico corporation with its principal place of business in Puerto Rico, Mot. Dismiss at 14, Qualtex could have brought this suit in the United States District Court for the District of Puerto Rico under § 1391(b)(1). In addition, because Qualtex's claims are based on events or omissions that occurred in Puerto Rico, venue would also have been proper there under § 1391(b)(2).

Qualtex argues that the ATM Location Agreement's forum-selection clause renders venue proper only in Illinois. R. 24, Pl.'s Br. at 1-2; ATM Location Agreement pt. Q. ATM Group argues, in turn, that the ATM Location Agreement is merely ancillary to the Distribution Agreement, which must be construed under Puerto Rico law. Mot. Dismiss at 4-5; Distributor Agreement pt. 19. Because the Puerto Rico Dealer's Act requires that distribution agreements be construed and resolved by Puerto Rico courts under Puerto Rico law, P.R. Laws Ann. tit. 10, § 278, ATM Group argues that the ATM Location Agreement's forum-selection clause is void. Mot. Dismiss at 5, n. 4.

4

Regardless which contract controls the present dispute, a forum-selection clause is not dispositive for venue-transfer purposes. *See IFC Credit Corp.*, 437 F.3d 606, 613 (7th Cir. 2006). Despite a general presumption against transfer from the district agreed upon in a valid forum-selection clause, the presumption can be overcome on account of inconvenience to a third party (other than the movant) or to the judicial system itself. *Id.* (citing *Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 377 (7th Cir. 1990)). Thus, whether this case is governed by the ATM Location Agreement or the Distributor Agreement, the Court goes on to consider the § 1404(a) convenience and interest-of-justice factors.

### B. Convenience of the Forum

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). "Other related factors include the location of material events and the relative ease of access to sources of proof." *Id.* The issues in this case arise entirely from the parties' business dealings in Puerto Rico. Complaint ¶¶ 7, 15. Thus, with the exception of convenience to Qualtex, Puerto Rico is clearly the more convenient forum as to each relevant consideration. And even where Qualtex is concerned, any potential inconvenience posed by a venue transfer is severely undercut by the fact that it was *Qualtex* that actively sought to do business in Puerto Rico, Compl. ¶ 7, that it maintains employees who reside in Puerto Rico, R. 24, Zerman Aff. ¶ 3, and that it appears to do business with a

5

related Puerto Rico corporation named Qualtex Puerto Rico, Puerto Rico Compl. ¶ 3.4.

Moreover, any potential inconvenience to Qualtex is overshadowed by the fact that it is *already* litigating a related case in a Puerto Rico state court. Qualtex argues that the issues in that case, arising from the Distributor Agreement, are wholly separate from those presented here under the ATM Location Agreement. Pl.'s Br. at 7 ("[T]hese were agreements entered into for different purposes, at different times, and governed by different law . . . there is no overlap in claims here where the agreements at issue in the two cases are entirely separate."). But Qualtex has asserted what it characterizes as a compulsory counterclaim in the Puerto Rico litigation, alleging that ATM Group breached the ATM Location Agreement. R. 35, Puerto Rico Counterclaim at 14-19. Thus, whatever evidence and witnesses Qualtex requires to prove its claim in this Court are already committed to be produced and to appear in Puerto Rico—suggesting that a transfer might even prove more convenient than undertaking duplicate expenses. And indeed, the compulsory nature of Qualtex's counterclaim underscores the relatedness of the two cases, which factors heavily into the interest-of-justice consideration to follow.

Even if the two actions were not so related, Qualtex's complaint implicates a third party by alleging that ATM Group "contracted with a third-party to provide data processing services for many of the ATMs governed by a valid and existing ATM Location Agreement" in violation of that agreement's exclusivity clause. Compl. ¶ 16. That third party is likely to be involved in this litigation and would

more likely be inconvenienced by litigation in Illinois than in Puerto Rico, where it currently does business. At bottom, in light of Qualtex's extensive presence in Puerto Rico, the fact that all material events underlying its claims occurred in Puerto Rico, and the pendency of the Puerto Rico litigation, Puerto Rico is clearly the more convenient forum.[3]

### C. The Interest of Justice

The final factor to consider is whether venue transfer would serve the "interest of justice." 28 U.S.C. § 1404(a). "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*, 626 F.3d at 978. "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Id.* (citations omitted). "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

On balance, these factors also weigh in favor of transfer. As to likely speed to trial in each forum, in 2013, civil cases were resolved from filing to trial on an average of 19.4 months in the District of Puerto Rico, versus 33.1 months in the Northern District of Illinois. Federal Court Management Statistics, December 2013.

---

[3]For the reasons stated, the convenience factor weighs in favor of Puerto Rico even if the ATM Location Agreement controls, withdrawing the *parties*' convenience from the Court's consideration. *See IFC Credit Corp.*, 437 F.3d at 613.

Puerto Rico also has a strong interest in resolving a controversy involving a Puerto Rican defendant, a plaintiff licensed to do business in Puerto Rico, and the operation of Puerto Rican ATMs. In contrast, Illinois's connection to the dispute is memorialized in a single line in the ATM Location Agreement, designating it as the proper source of law and forum for disputes arising from that agreement. Although an Illinois-based court has an interest in hearing a case brought by an Illinois corporation (and would be more familiar with Illinois law), it is clear that Puerto Rico is the community with stronger ties to this case.

Finally, as discussed above, seven days before Qualtex filed its complaint in this Court, ATM Group filed suit against Qualtex in a Puerto Rico state court. Puerto Rico Compl. Because the cases are so interrelated (especially in light of Qualtex's asserted counterclaims in the Puerto Rico case), each court will likely weigh similar evidence and hear testimony from overlapping witnesses. It is certainly in the interest of justice to facilitate efficient coordination between these proceedings. And the United States District Court for the District of Puerto Rico is much better suited to this task. Accordingly, the Court finds that it is in the interest of justice for this lawsuit to be resolved in Puerto Rico.

## IV. Conclusion

For the reasons discussed above, ATM Group's motion to transfer venue [R. 19] is granted. There is no need to decide the other aspects of the motion (including the abstention issue). This action is transferred to the United States District Court for the District of Puerto Rico.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: July 14, 2014